UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Orion Seafood International, Inc.,
      Plaintiff

   v.                                           Case No. 11-cv-562-SM
                                                Opinion No. 2012 DNH 146
Supreme Group B.V.,
Supreme Logistics, and
Supreme Foodservice GmbH,
      Defendants

**O R D E R**

Plaintiff, Orion Seafood International, Inc. ("Orion") brought this suit against Supreme Foodservice, GmbH ("Supreme Foodservice"), Supreme Logistics FZE (UAE), and Supreme Group B.V., for breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, equitable estoppel, fraudulent misrepresentation, and violation of the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. ("RSA") ch. 358-A. As recounted more fully in a contemporaneous order denying defendants' motion to dismiss for lack of personal jurisdiction, Orion alleges that defendants failed to perform their contractual obligation to purchase some 750,000 pounds of lobster tail and, further, fraudulently assured Orion of their continuing intent to perform.

Pursuant to Fed. R. Civ. P. 12(b)(6),[1] Supreme Foodservice seeks dismissal of three counts of the complaint for failure to state a claim. Because Supreme Foodservice "filed an answer on the same day it filed this motion, the pleadings are closed and the court will treat [the] motion to dismiss as a motion for judgment on the pleadings" under Fed. R. Civ. P. 12(c). Conto v. Concord Hosp., Inc., 2000 WL 36935, at *1 (D.N.H. Sept. 19, 1999) (DiClerico, J.). See also Level 3 Communications, LLC v. Webb, Inc., 2012 WL 2199262, at *1 (E.D. Va. June 14, 2012) ("Because Accumark filed its Motion to Dismiss contemporaneously with its Answer, the Court will treat the motion as seeking judgment on the pleadings pursuant to Rule 12(c)"). Accordingly, in ruling on Supreme Foodservice's motion, all of the pleadings will be considered, not just the complaint. Pérez- Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

### Standard of Review

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated much like a Rule 12(b)(6) motion to dismiss." Estate of Bennett v. Wainwright, 548 F.3d

---

[1] Among its arguments, Supreme Foodservice says the equitable estoppel and fraudulent inducement claims have not been pled with "particularity," as required by Fed. R. Civ. P. 9(b). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

155, 163 (1st Cir. 2008) (citing Pérez- Acevedo, 520 F.3d at 29). When ruling on a motion for judgment on the pleadings, the court takes the facts pled in the light most favorable to the plaintiff and "draw[s] all reasonably supported inferences in [its] favor." Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 115 (1st Cir. 2009).

"To survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that raise a right to relief above the speculative level." Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (quotation omitted). In other words, except where heightened pleading is otherwise required by rule or statute (such as by Rule 9(b)), a Rule 12(c) motion will be denied where the complaint alleges "facts sufficient to establish a 'claim to relief that is plausible on its face.'" Id. (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008)).

## Discussion

Supreme Foodservice seeks dismissal of Orion's fraudulent misrepresentation (Count VI) claim on the ground that it does not meet the heightened pleading requirements of Fed. R. Civ. P.

9(b).[2]  Defendant also says that Orion's CPA claim (Count VII) must be dismissed because the complaint does not plausibly allege the requisite level of "rascality."  See George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 129 (2011).

I. <u>Fraudulent Misrepresentation</u>

To state a claim for fraud, the complaint "must meet the special pleading requirements of Fed. R. Civ. P. 9(b)."  Gross v. Summa Four, Inc., 1995 WL 806823, at *6 (D.N.H. Nov. 8, 1995).  Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  Specifically, the complaint must "allege at a minimum the identity of the person who made the fraudulent statement, the time, place, and content of the misrepresentation, the resulting injury, and the method by which the misrepresentation was communicated."  Clearview Software Int'l Inc. v. Ware, 2009 WL 2151017, at *1, n. 3 (D.N.H. July 15, 2009) (quotation omitted).

---

[2]  Supreme Foodservice also argues that the equitable estoppel claim (Count V) must be dismissed for the same reason.  It posits that, because an equitable estoppel claim is in the nature of an averment of fraud, Orion's equitable estoppel claim must, but fails to, meet the heightened pleading standard of Rule 9(b). Assuming Rule 9(b) applies to the equitable estoppel claim, it is sufficient under Rule 9(b) for the same reasons the fraud claim is sufficient.

Although Rule 9(b) allows "intent" and "knowledge" (such as fraudulent intent or scienter) to be "alleged generally," Fed. R. Civ. P. 9(b), pleading these "conditions of a person's mind," id., must still meet the minimum requirements of Rule 8(a), and therefore, Iqbal's "plausibility" standard.  Ashcroft v. Iqbal, 556 U.S. 662, 686-87 (2009) ("Rule 9 merely excuses a party from pleading" state of mind "under an elevated pleading standard.  It does not give him license to evade the less rigid — though still operative — strictures of Rule 8.").  Indeed, in this circuit, consistent with Iqbal, it has long been the rule that a complaint must allege the scienter element of fraud by "'set[ting] forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading.'" North Am. Catholic Educ. Programming, Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009) (quoting Greenstone v. Cambex Corp., 975 F.2d 22, 25 (1st Cir. 1992)).

The complaint here alleges that "Supreme" fraudulently misrepresented its intention to fulfill its obligation under the parties' agreement.  Complaint ¶¶ 119-125, doc. no. 20, pgs. 20-21.  It recites the following statements in emails from "Supreme" employees reassuring Orion of Supreme's intention to place purchase orders for lobster tail:

- In an email dated August 23, 2011, Diana Komarova (alleged in the complaint to be working for "Supreme") stated that Supreme would place its first purchase order in September of 2011.

- In an email dated September 20, 2011, Komarova stated that a purchase order would be placed "on week 39 which is next week."

- When no purchase orders were forthcoming, Komarova, by email dated September 29, 2011, reassured Orion that, if given two days, she would confirm the purchase order placement for the next week.

- In a second email dated September 29, Komarova stated "There is [sic] no changes to our original plan."

- On October 4, 2011, Komarova again stated, in an email to Orion, that "there is [sic] no changes in our plan."

- In response to Komarova's October 4 email, Orion sent an email to Komarova and Armin Schroeder (whom the complaint identifies as also working for "Supreme") inquiring when Supreme would begin issuing purchase orders. Schroeder responded that same day by email, stating that "the target volume remains the same and is approved with the customer" and that Supreme would be meeting with the customer shortly.

- On October 5, Schroeder requested that Orion "continue packing [lobster tail] as per the plan."

Supreme Foodservice argues that the fraudulent misrepresentation claim is deficient because (1) it does not specify Supreme Foodservice's role in the alleged misrepresentations, and (2) it does not adequately allege

6

scienter, that is, it does not adequately allege that Supreme Foodervice knew that its reassurances of performance were false.

### A. Supreme Foodservice's Role

As required by Rule 9(b), the complaint identifies the alleged false representations, including the individuals who made them (Komarova, and Schroeder); the modes of communication (email); the relevant dates; and the recipients' names. Despite these particulars, however, there is nothing in the complaint linking Komarova and Schroeder to Supreme Foodservice (nor, indeed, to any individual defendant). As Supreme Foodservice points out, the complaint "refers to each individual defendant only once in the introductory paragraph," but thereafter uses only the imprecise term "'Supreme' to refer to all three defendants." Doc. No. 10-1, at pg. 9. Moreover, it is not possible to infer from other factual allegations a link between the movant here — Supreme Foodservice — and these individuals, such that their alleged misrepresentations can reasonably be attributed to that specific "Supreme" entity. In other words, nothing on the face of the complaint suggests that these individuals worked for, or on behalf of, movant Supreme Foodservice.

The result is that Orion's fraud claim fails to particularize Supreme Foodservice's "role in the fraud." Securities and Exchange Comm. v. Patel, 2008 WL 782483, at *5 (D.N.H. Mar. 24, 2008) (under Rule 9(b), "where . . . 'multiple defendants are involved, each defendant's role in the fraud must be particularized.'") (quoting Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co., 802 F. Supp. 595, 600 (D.N.H. 1992) (quotation omitted)). That would normally be enough to warrant dismissal of the fraud claim. See e.g. L'Esperance v. HSBC Consumer Lending, Inc., 2012 WL 345892, at *8 (D.N.H. Feb. 1, 2012) (McCafferty, M.J.). Here, however, admissions included in Supreme Foodservice's answer supply the missing link between the allegedly false misrepresentations and Supreme Foodservice. In its answer, Supreme Foodservice admits that emails sent by Komarova and Schroeder were sent on its behalf. See e.g. Answer, doc. 11, pars. 22 and 49 (responding to the allegations that "Diana Komarova of Supreme" and "Armin Schroeder of Supreme" sent certain emails to Orion, defendant "admits the allegations . . . to the extent that the word 'Supreme' is understood as meaning only the Defendant Supreme Foodservice GmbH."). Indeed, Supreme Foodservice takes pains throughout its answer to concede *its* role in the parties' communications and to disavow any involvement by the other two "Supreme" defendants. See McIntyre v. United States, 336 F. Supp. 2d 87, 97 n.5 (D. Mass. 2004) (on motion for

judgment on the pleadings, relying on defendant's admission in its answer to supply information missing from the complaint).

### B. Scienter

Although dismissal of Orion's fraud claim is not warranted on the ground that it fails to link Supreme Foodservice to the alleged misrepresentations, a question remains regarding the allegation of scienter. To be sure, the complaint alleges generally that "Supreme knew, on information and belief, that these representations were false." Complaint, doc. no. 1, ¶ 121, pg. 20. But, as Supreme Foodservice correctly points out, absent additional allegations "set[ting] forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading," North American Catholic, 567 F.3d at 13 (quotation omitted), the fraud count would be subject to dismissal.

Orion, in response, points to "specific facts" alleged in the complaint which, it says, give rise to an adequate inference that defendant knew its unconditional reassurances of performance were false. Specifically, two Supreme Foodservice emails contain statements by Komarova about the falling market demand for lobster tails. On September 29, 2011, Komarova reassured Orion that there were "no changes to our original plan," but also

stated, in an apparent attempt to explain Supreme Foodservice's delay in placing purchase orders with Orion, that "[w]e're just trying to control our pipeline in a better way as we've been overstocked for a while." Complaint ¶ 44, doc. 1, at pg. 10. On October 4, 2011, Komarova told Orion that "there is [sic] no changes in our plan," but also stated that "demand has been dropping steadily in recent weeks." Id. at ¶ 47.

Orion says that defendant's knowledge that it would be unable to place purchase orders with Orion can be inferred from its knowledge of the declining lobster tail market. Although barely, the "factual enhancement" of the general allegation of scienter moves the fraud claim in this case across "the line [from] possibility [to] plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

For the reasons stated, defendant's motion for judgment on the pleadings as to Counts VI is denied. The motion is also denied with respect to the equitable estoppel claim (Count V) for the same reasons.

II. New Hampshire Consumer Protection Act

To state a claim under the New Hampshire CPA, RSA ch. 358-A, plaintiff must plausibly allege that defendant committed any one

of fifteen enumerated unlawful acts constituting unfair or deceptive conduct in trade or commerce, or, that defendant's conduct "attain[ed] a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."  George, 162 N.H. at 129.

Orion's CPA claim rests on the theory that defendant's conduct (i.e., knowingly giving false assurances that it would buy the agreed-upon quantity of lobster tail) attained a level of rascality actionable under the CPA.  Supreme Foodservice says that the complaint does not plausibly allege the required rascality.  Even construing (as it must) all allegations in the light most favorable to Orion, the court agrees that the complaint fails to state a claim under the CPA.

The parties here are sophisticated business entities who negotiated at arms-length.  Although the Act does apply to business-to-business transactions, see Eastern Mountain Platform Tennis, Inc. v. Sherwinn–Williams Co., 40 F.3d 492, 497 (1st Cir. 1994), it is "especially difficult" to show rascality in such circumstances.  Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 72 F.3d 190, 200 (1st Cir. 1995) (applying rascality standard under the Massachusetts consumer protection law).  In other words, in the "rough and tumble" of arms-length business transactions,

11

common disputes over broken promises ordinarily will not rise to a level sufficient to support a claim under the Act. See Yorgo Foods, Inc. v. Orics Indus., Inc., 2011 WL 4549392, at *13 (D.N.H. Sept. 29, 2011).

That is so here, at least as the facts have been pled. Defendant's alleged wrongful actions — its allegedly false assurances of performance and, ultimately, lack of performance — relate primarily to expectations and obligations under the agreement. See id. (holding that defendant's "[r]epeated assurances of performance, . . . even unrealistic assurances" did not "rise to the level of rascality necessary to support a cause of action under New Hampshire's Consumer Protection Act.")

To the extent defendant's alleged conduct constituted fraud, and not merely breach of contract, the allegations still do not plausibly support a CPA claim. As noted, a (barely) sufficient inference of fraudulent intent arises from the contrast between what defendant knew about the falling market for lobster tail and its continuing and unconditional assurances that it would fulfill its purchase requirements. But while that inference saves Orion's fraudulent misrepresentation claim, it does not rescue its CPA claim. Supreme Foodservice's open disclosures to Orion about the falling lobster tail market cut significantly against a

claim of "rascality." In other words, viewing the facts alleged in the light most favorable to Orion, the court finds that Supreme Foodservice's conduct would not raise eyebrows in the competitive business of food procurement.

Accordingly, defendants' motion for judgment on the pleadings as to Orion's claim under New Hampshire's Consumer Protection Act, Counts V, is granted.

## Conclusion

For these reasons, defendant Supreme Foodservice's motion for judgment on the pleadings (document no. 10) is granted with regard to Count VII and denied with regard to Counts V and VI.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 29, 2012

cc: Christopher Cole, Esq.
    Brian D. Duffy, Esq.
    Michael C. Harvell, Esq.
    Gordon J. MacDonald, Esq.
    Karyl R. Martin, Esq.