UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Orion Seafood International, Inc.,
    Plaintiff

    v.                                         Case No. 11-cv-562-SM
                                            Opinion No. 2012 DNH 147
Supreme Group B.V.,
Supreme Logistics, and
Supreme Foodservice GmbH,
    Defendants

**O R D E R**

Plaintiff, Orion Seafood International, Inc. ("Orion"), located in Portsmouth, New Hampshire, is in the business of procuring, packaging, and delivering seafood products.  Orion alleges that in 2011, it agreed to supply Maine lobster tails to Supreme Foodservice GmbH ("Supreme Foodservice"), a Swiss company, in fulfillment of Supreme Foodservice's contract with the United States to provide supplies to American military personnel stationed in Afghanistan.

In anticipation of meeting its contractual obligations to Supreme Foodservice, Orion says it began purchasing, packing, and warehousing lobster tails with the goal of building a 750,000 pound inventory.  In a purported breach of the parties' agreement, however, Supreme Foodservice did not, even after

repeated assurances to Orion, actually submit purchase orders for the lobster tails. Based on Supreme Foodservice's allegedly false assurances of performance, Orion says it did not seek a substitute buyer for the warehoused lobster tails, and suffered economic losses.

Orion brought this suit against the following related companies: Supreme Foodservice; Supreme Logistics FZE (UAE) ("Supreme Logistics"), a company based in Dubai, United Arab Emirates; and Supreme Group B.V. ("Supreme Group"), a Dutch limited liability corporation with its principal place of business in the Netherlands and the holding company for the other two defendants. Orion brings claims against all defendants for breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, equitable estoppel, fraudulent misrepresentation, and violation of the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. ("RSA") 358-A.

Pursuant to Fed. R. Civ. P. 12(b)(2), Supreme Group and Supreme Logistics ("Moving Defendants") move to dismiss the suit, as to them, for lack of personal jurisdiction. Plaintiff objects

and, in the alternative, asks that the motion be denied with leave to reinstate after jurisdictional discovery is conducted.[1]

**Standard of Review**

When personal jurisdiction "is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). Where no evidentiary hearing is held and the court "proceeds upon written submissions," the plaintiff "need only make a prima facie showing that jurisdiction exists." Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law, 787 F.2d 7, 8 (1st Cir. 1986) (quotation omitted).

Assertions of jurisdictional fact are construed in the plaintiff's favor. Buckley v. Bourdon, 682 F. Supp. 95, 98 (D.N.H. 1988). Nevertheless, in order to defeat a defendant's motion to dismiss, the plaintiff's demonstration of personal jurisdiction must be based on specific facts set forth in the

---

[1] Although Orion did not, as required by Local Rule 7.1(a)(1), set forth its request for jurisdictional discovery by separate motion, the Moving Defendants have responded to that request on the merits (but ask that any discovery ordered be "conducted at Orion's expense"). The court will consider Orion's request for discovery as if it had been properly presented by separate motion.

record. Ealing Corp. v. Harrods, Ltd., 790 F.2d 978, 979 (1st Cir. 1986).

## Discussion

A court may exercise specific jurisdiction[2] when the cause of action arises directly out of, or relates to, the defendant's forum-based contacts. United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088–89 (1st Cir. 1992). To assist trial courts in determining whether they may properly exercise specific personal jurisdiction over a defendant, the Court of Appeals has formulated a three part test.

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the "gestalt factors," be reasonable."

Id. at 1089.

An affirmative finding as to each of those three elements — relatedness, purposeful availment, and reasonableness — is

---

[2] Orion does not argue that general jurisdiction exists in this case.

necessary to support exercise of personal jurisdiction. See Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999).

To sustain its prima facie burden as to the first element — relatedness — Orion must demonstrate that its claims directly relate to, or arise from, the Moving Defendants' contacts with this forum. Harlow v. Children's Hosp., 432 F.3d 50, 62 (1st Cir. 2005). But to do so, Orion must first "identify[…] the alleged contacts, since there can be no requisite nexus between the contacts and the cause of action if no contacts exist." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 621 (1st Cir. 2001).

The parties do not quibble about the potential legal significance of the contacts Orion has identified — emails which appear to be instrumental to the formation and performance of the parties' alleged agreement. Both sides agree that e-mails may constitute forum contacts for purposes of the court's jurisdictional inquiry. See GT Solar Inc. v. Goi, 2009 WL 3417587, at *9 (D.N.H. Oct. 16, 2009) (finding defendant "reached into the forum through his e-mail and telephone contacts"). The problem, say the Moving Defendants, is that they did not send or

author any of the emails.  They assert that the only parties to those emails were Orion and Defendant Supreme Foodservice.

Whether the assertion is true, however, is not clear.  On the one hand, information contained in the emails themselves suggests that one or both of the Moving Defendants were, in some way, involved in authoring or authorizing the emails.  In early negotiations, Leah D. Domanais sent an email to Orion in which she identified herself as "E-sales and Catalogue Supervisor — SPV Supreme Logistics," with a mailing address of Dubai, United Arab Emirates.  Five other emails were sent to Orion in New Hampshire by Diana Komarova, whose email address has a "supreme-group.net" extension ("diana.komarova@supreme-group.net").  Moreover, each of Kamarova's emails contains a signature block identifying her as "Buyer, Supreme Logistics" and giving a mailing address of Dubai, United Arab Emirates.  The remaining two emails were from Armin Schroeder, whose email address, like Komarova's, shows a "supreme-group.net" extension.  Each of Schroeder's emails contains a signature block identifying him as "Director of Supply Chain, Supreme Logistics" and giving a mailing address of Dubai, United Arab Emirates.

On the other hand, the Moving Defendants have submitted affidavits from company executives (1) suggesting that the email references to "Supreme Logistics" in the professional titles of Domanais, Komarova, and Schroeder are not to the moving defendant of the same name, but rather, to a separate "division" of Supreme Group; (2) stating that all three defendants are legally separate entities; and (3) averring that Domanais, Komarova and Schroeder were not employees of either moving defendant.

Even assuming that defendants are separate legal entities, and further assuming that no employer-employee relationship existed between the Moving Defendants and the email authors, it is not at all clear, on this record, whether Domanais, Komarova and Schroeder were, nevertheless, agents of the Moving Defendants and whether defendants actually maintained corporate separateness.  See 25 CP, LLC v. Firstenberg Mach. Co., 2009 WL 4884483, at *10 (D.N.H. 2009) ("Under basic principles of agency law, forum-related contacts made by an agent acting within the scope of an agency relationship are attributable to the principal.") (quotation omitted).

Specifically, notwithstanding the explanations provided by the Moving Defendants, the use by Domanais, Komarova and

Schroeder of the words "Supreme Logistics" in their professional titles, in conjunction with their use of a Dubai mailing address, at least suggests a potential agency relationship with moving Defendant Supreme Logistics. Their use of "supreme-group.net" email addresses, together with the Dubai mailing address, suggests an agency relationship with moving Defendant Supreme Group.[3] Taking these facts together, it appears plausible, though hardly established, that the three defendants did not maintain corporate separateness.

In short, Orion appears to have a "'colorable claim' that, if discovery is permitted, it will likely reveal facts sufficient to permit the court to properly exercise personal jurisdiction over" one or both of the Moving Defendants. D'Jamoos v. Atlas Aircraft Ctr., Inc., 2008 WL 5083798, at *2 (D.N.H. Nov. 25, 2008) (quoting United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001)). Moreover, the facts likely to be revealed, i.e., regarding the nature of the relationship between the Moving Defendants and Domanais, Komarova and Schroeder, and regarding the operational relationship between the various

---

[3] Orion has submitted evidence suggesting that moving Defendant Supreme Group, the Dutch holding company, is also operating out of Dubai, United Arab Emirates.

"Supreme" entities, "are in the hands of the defendant[s]." 25 CP, 2009 WL 4884483, at *10 (where plaintiff had a "colorable case" for jurisdiction and the relevant evidence was in the possession of the moving defendant, sua sponte allowing "jurisdictional discovery to adduce evidence that a principal-agent relationship existed" between defendants).

Accordingly, because there is a legitimate question about the Moving Defendants' involvement, if any, in authoring or authorizing emails that appear to be instrumental in the formation and performance of the parties' alleged agreement, the court will grant Orion's request that the motion of the Moving Defendants to dismiss for lack of jurisdiction be denied (without prejudice), and that the parties be allowed to conduct jurisdictional discovery.

## Conclusion

The Moving Defendants' motion to dismiss for lack of personal jurisdiction (doc. no. 9) is denied, without prejudice to refiling after plaintiff has had a reasonable opportunity to conduct jurisdictional discovery.  Plaintiff shall conduct limited discovery related to facts that bear on the issue of personal jurisdiction.  The period in which jurisdictional

discovery may be had will close on October 31, 2012.  Counsel are expected to cooperate and facilitate expedited discovery.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 29, 2012

cc:  Christopher Cole, Esq.
     Brian D. Duffy, Esq.
     Michael C. Harvell, Esq.
     Gordon J. MacDonald, Esq.
     Karyl R. Martin, Esq.